UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTY MICKELSEN,<br><br><br>Plaintiff,<br><br>v.<br><br>EASTERN IDAHO TECHNICAL COLLEGE d.b.a. COLLEGE OF EASTERN IDAHO; and JOHN AND JANE DOES I-XX, whose identities are unknown,<br><br>Defendants. | Case No. 4:20-cv-00189-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is College of Eastern Idaho's Motion to Dismiss. Dkt. 17. Briefing on the motion is complete and it is ripe for decision. Having considered the briefing and record, the Court will grant the motion.

## BACKGROUND

Plaintiff, Kristy Mickelsen, filed her original complaint and applied for leave to proceed in forma pauperis on April 18, 2020, which the Court granted. Dkt. 1, 2, 5. In her initial complaint Mickelsen named the College of Eastern Idaho Foundation, Inc. as the defendant and alleged that it operated the College of

**MEMORANDUM DECISION AND ORDER - 1**

Eastern Idaho. Dkt. 1. The College of Eastern Idaho Foundation filed a motion to dismiss arguing that Mickelsen had named the wrong party – because the Foundation and the College of Eastern Idaho are entirely separate and distinct entities. Dkt. 7-1. Mickelsen then dismissed the College of Eastern Idaho Foundation and filed her First Amended Complaint naming Eastern Idaho Technical College d.b.a. College of Eastern Idaho, as the defendant. Dkt. 11. In her amended complaint, Mickelsen alleges that the College of Eastern Idaho (CEI) violated the Americans with Disabilities Act and Rehabilitation Act by denying her a reasonable accommodation in the College's nursing program. *Id.* at 17-23.

The following facts are taken from Mickelsen's amended complaint. In 2016 Mickelsen was diagnosed with Major Depressive Disorder, Bipolar Disorder II, Borderline Personality Disorder, Generalized Anxiety Disorder, and Primary Insomnia. In 2017 she was diagnosed with ADHD, Periodic Limb Movement Disorder, and PTSD. Mickelsen is disabled within the meaning of the ADA, 42 U.S.C. § 12102(1). Mickelsen successfully completed CEI's Licensed Nurse Practitioner Program between 2014 and 2015. She then enrolled in CEI's Registered Nursing program in January 2018. As part of the RN program, Mickelsen was required to complete various skills tests, which were administered by instructor Connie Hobbs. Each skills test was timed, and Mickelsen was

required to complete the test within the allotted time or she would fail. Mickelsen failed two attempts at her first skills test. The program permits a student to make a one-time third attempt at completing a skills test. Mickelson opted to use the one-time third attempt on her first skills test. Between the second and third attempts, Mickelsen began to suffer symptoms of anxiety and depression, which continued to worsen during her time at CEI. Ms. Hobbs recommended Mickelsen contact the College's Disability Resources and Services Center to discuss possible disability accommodations.

Mickelsen contacted, and received an accommodation from the Center's Coordinator, Hailey Holland. On April 5, 2018, Ms. Holland provided Mickelsen with a letter verifying that Mickelsen required a reasonable accommodation of "1.5 the time provided on skills exams." *Id.* ¶ 78. Mickelsen provided the letter to Ms. Hobbs and staff at the RN Program, who subsequently denied the accommodation because it was not requested prior to the beginning of the semester. *Id* ¶¶ 79-80.

On April 9, 2018, Mickelsen participated in, and failed, a subsequent skills test because she exceeded the standard allotted time. Had the RN Program honored Mickelsen's accommodation of 1.5 time she would have passed the skills test. On April 19, 2018, Mickelsen again performed a skills test without an accommodation and was unable to complete it due to physical symptoms of anxiety. Due to

Mickelsen failing the skills tests she was given a failing grade for the course and dismissed from the RN Program. Mickelsen alleges that if she had a reasonable accommodation of 1.5 time on the April 9 and April 19 skills tests she would have successfully completed both and not been dismissed from the RN Program. *Id.* ¶ 125.

Counsel for CEI entered a special appearance in this matter for the limited purpose of challenging the sufficiency of service and the Court's personal jurisdiction. Dkt. 18. CEI now moves to dismiss, arguing: 1) Mickelsen again named the wrong entity – Eastern Idaho Technical College – because EITC no longer exists and is a distinct entity from CEI; 2) Mickelsen failed to effect proper service; and 3) Mickelsen's claims are barred by the statute of limitations. Dkt. 17. Because the Court concludes that the statute of limitations bar the claims in this case, it will not address the first and second grounds for CEI's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint may also provide grounds for dismissal under Rule 12(b)(6), if a statute

of limitations defense is apparent on the face of the complaint. *See Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## ANALYSIS

The Court finds that Plaintiff's claims are barred by the statute of limitations, and it is clear that the limitations problem cannot be solved through an amendment. Accordingly, the Court will grant Defendant's motion to dismiss with prejudice.

Neither the ADA nor Section 504 of the Rehabilitation Act contain a statute of limitations. Thus, the Court is required to look to state law for the applicable limitations period. *See Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985); *see also, Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n. 2 (9th Cir.2002) (applying principle to the ADA); *Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir.1987) (applying principal to Section 504). The statute of limitations for the most analogous state law applies. *Pickern*, 293 F.3d at 1137.

The Court finds, and the parties agree, that Idaho's two-year statute of limitations for personal injuries under Idaho Code § 5-219 applies to claims brought under Title II of the ADA and § 504 of the rehabilitation Act. *D.A. v.*

*Meridian Joint Sch. Dist. No. 2*, 289 F.R.D. 614, 625 (D. Idaho 2013). Although Idaho law determines the statute of limitations, federal law determines when a cause of action accrues. *Ervine v. Desert View Reg'l Med. Ctr. Holdings*, LLC, 753 F.3d 862, 869 (9th Cir. 2014).

Mickelsen alleges that she was denied a reasonable accommodation on April 5, 2018 and was dismissed from the RN Program on April 19, 2018. She filed her complaint in this matter on April 18, 2020. Defendants argue that Mickelsen's claims accrued when she was denied a reasonable accommodation. Dkt. 17-1 at 7. Mickelsen argues that Defendant's conduct is subject to the continuing violations doctrine. Dkt. 20 at 4-5.

"A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012). The continuing violations doctrine is an exception to the rule that the claim accrues when plaintiff has reason to know of the injury based on the action. *See The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009). It allows "a plaintiff to sue for all discriminatory acts that occurred during the limitations period, even if the policy or other event giving rise to the discrimination occurred outside the limitations period." *Id.*

Where, as here, a plaintiff alleges that several actionable events occurred,

some within the statute of limitations and some beyond, the court must determine whether the events within the statute of limitations are continuing acts or merely continuing harm. *See Lightner v. Ausmus*, 2010 WL 3271235, at *4 (D. Idaho Aug. 17, 2010). Two events occurred within the statute of limitations period, first Mickelsen was required to take the April 19, 2018 skills test without an accommodation, and second, she was dismissed from CEI for receiving a failing grade. The Court must determine if these events were separate discrete and independently wrongful acts, or merely the "delayed, but inevitable, consequence[s]" of a prior discriminatory act. *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 870 (9th Cir. 2014) (quoting *Pouncil*, 704 F.3d at 581).

Mickelsen alleges that, on April 5, 2018, she was denied a reasonable accommodation of 1.5 time on future skills tests. If she had this accommodation, she alleges she would have completed the April 9 and April 19, 2018 skills tests successfully. Mickelsen was dismissed from the RN Program because she received a failing grade for the semester due to her failing the skills tests. Mickelsen alleges that, if she had received the accommodation, she "would not have been dismissed from Defendant CEI's RN Program." Dkt. 11 ¶ 126. While she claims that the decision to dismiss her from the RN Program was an independent discriminatory

act, this is contrary to the facts in her pleading. Mickelsen's dismissal from the RN Program was a consequence of CEI's refusal to provide an accommodation, not an independent wrongful act. *Cf. Ervine*, 753 F.3d at 870-871 (doctor's renewed denial of interpreter was discrete act at each medical appointment).

Mickelsen's dismissal was a consequence of the denial of a reasonable accommodation request. Because the denial of her reasonable accommodation occurred more than two years prior to the filing of her complaint, the Court finds that her claims are barred by the statute of limitations. Because the Court finds that that the limitations bar cannot be cured by amendment, it will dismiss Mickelsen's claims with prejudice.

## ORDER

**IT IS ORDERED that**:

1. Defendant's Motion to Dismiss (Dkt. 17) is **GRANTED**.

2. Plaintiff's First Amended Complaint is **DISMISSED WITH PREJUDICE**.

DATED: December 3, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**